IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:25-CV-00064-DGK<br>) |
| THE MAYOR, COUNCILMEN, and CITIZENS OF THE CITY OF LIBERTY, | )<br>)<br>) |
| Defendants. | ) |

## ORDER REGARDING DISCOVERY DISPUTE

This lawsuit arises from Plaintiff Norfolk Southern Railway Company's ("Norfolk") claim that in 1964, Defendant Liberty, Missouri ("the City"), entered into a valid agreement with Norfolk's predecessor-in-interest whereby the railroad allowed the City to construct and use a private grade crossing across the railroad's tracks. In return, the City agreed to indemnify the railroad for any injuries arising from its use. In 2018, an accident occurred at the crossing, leaving one City employee dead and another injured. Two lawsuits arose from this accident, the Leeds Action and the Shadid Action. Norfolk alleges the City is now refusing to indemnify it as required by the 1964 agreement. The City denies the allegations, arguing in part that the 1964 agreement is void and/or unenforceable.

Now before the Court is a discovery dispute between Norfolk and the City concerning: (1) the City's "possibly" withholding documents on the basis of privilege without providing a privilege log; (2) whether the City's corporate representative waived either the insurer/insured privilege or the attorney-client privilege during its Rule 30(b)(6) deposition; and (3) the City's answer to Norfolk's second set of interrogatories. After reviewing the parties' memoranda and

the record, the Court holds a teleconference is not necessary and rules as follows.

1. **Withheld documents.** Norfolk argues that the City is withholding documents and information responsive to its First Request of Production of Documents and its First Interrogatories to Defendant on the basis of privilege without providing a privilege log. Specifically, documents responsive to request for production (RFP) numbers 2–5, 7–12, 14–17, 19–23, and 25, and interrogatory numbers 2–7, and 9.

The City responds that it "has not withheld any *specific* information or documents based upon the assertions of privilege." Disc. Dispute Mem. at 2 (emphasis added), ECF No. 93. It contends a privilege log is only necessary when a party withholds information that is otherwise discoverable, and that it has asserted various privileges only in conjunction with other valid objections, such as that the request is "vague, overbroad, and unduly burdensome, and disproportional to the needs of the case." *Id*. It reasons that since it has made other objections not based on privileges, it does not need to provide a privilege log. It cites its response to RFP number 11 as an example.

This argument does not work, however, if the underlying objections have been waived. And here the underlying objections have been waived.

RFP number 11 and the City's response to it are as follows:

> 11. Any and all documents created, maintained and/or received by You that reflect or relate in any way to the Leeds Civil Action.
>
> **RESPONSE:**
>
> **In addition to the General Objections [1] stated above, City objects to this request on the grounds that it is vague, overbroad,**

---

[1] These "General Objections" are set out at the beginning of the City's responses. They read as follows:

> 1. The City objects to each of the requests to the extent it requests or would require the disclosure of any information protected by the attorney-client privilege or the work product doctrine. This

> **and unduly burdensome, and disproportional to the needs of the case by seeking documents that "reflect or relate in any way" to the specified lawsuit; and City also objects to the extent it seeks production of communications subject to the attorney-client privilege, insured-insurer privilege, or work product doctrine. Responsive materials are *possibly* being withheld on the basis of these objections *depending on the meaning of Plaintiff's discovery requests*.**

Ex. A to Norfolk's Disc. Dispute Mem. (italics added), ECF No. 92-1 at 5.

The objections asserted in the "General Objections" section and in response to RFP number 11 are textbook boilerplate objections because they do not explain exactly how a given request is deficient. The assertion that the RFP is "vague, overbroad, and unduly burdensome" is conclusory; it does not explain how any part of it is vague, overbroad, or unduly burdensome. While the City's objection that the RFP is disproportional to the needs of the case because it seeks documents "that 'reflect or relate in any way'" to the Leeds Action is more specific, it does not explain how the request is disproportional. Read in the context of this case—which is about indemnification for the Leeds lawsuit—a request for all the documents in the City's possession relating to this case seems proportional. (Whether some responsive documents might be privileged is another question.) Consequently, the Court holds all objections not related to

---

objection is expressly incorporated into each response and nothing stated or produced is a waiver of these general objections.

2. The City objects to Plaintiff's definitions, which are vague, overly broad, unduly burdensome, and through their use seek information not in the custody or control of the City.

3. The City objects to each of the requests to the extent they purport to impose any obligation upon the City that is disproportional to the needs of the case or otherwise in excess of that which is required by the Federal Rules of Civil Procedure, including without limitation the West Virginia Rules of Civil Procedure cited in the requests.

The foregoing General Objections are incorporated into and apply to each of the following responses to specific requests. Each response to a specific request is made subject to and without waiving these General Objections, whether or not specifically so stated.

Ex. A to Norfolk's Disc. Dispute Mem., ECF No. 92-1 at 5.

privilege are waived, and this information is discoverable. The City should either provide the documents or list them on a privilege log, as appropriate. So the record is crystal clear, the foregoing applies to all documents "possibly" being withheld on the basis of privilege.

After reviewing the record, the Court makes similar rulings with respect to RFP 10–17, 21, 23, and 25. The City must also provide a privilege log with respect to interrogatory numbers 2 and 9. The City shall do so on or before March 4, 2026.

As for the remaining RFPs (numbers 2–5, 7–9, 19–20, and 22) the Court need not analyze them because the City has unambiguously answered these questions by stating "None," "N/A," or "No such documents have been identified at this time"—meaning it has no responsive documents for these requests. The City has answered interrogatory numbers 3–7 similarly, stating "No such witnesses have been identified at this time," or "No," meaning it has no responsive information, privileged or otherwise.

**2. Whether the City's corporate representative waived any privilege during its Rule 30(b)(6) deposition.** Norfolk's second argument is that the City's corporate representative waived the insurer/insured and the attorney-client privilege during his corporate deposition while testifying about the City's discussions with its insurer regarding the Leeds and Shadid civil actions and the City's actions in response to Norfolk's demands for indemnity in those cases. For support, Norfolk cites "Exhibit B," the entire ninety-seven-page deposition with various excerpts highlighted. Ex. B to Norfolk's Disc. Dispute Mem., ECF No. 92-2. Norfolk's brief does not identify any particular answer, much less cite any binding caselaw or other legal authority explaining how this answer waived any privilege.

It is not the Court's job to root through the record to identify factual support for a party's argument or conduct legal research supporting a party's argument. *See, e.g., Gamez v. Colvin*,

No. 13-4199-CV-W-DGK-SSA, 2014 WL 4112925, at *4 (W.D. Mo. Aug. 19, 2014) ("Because Plaintiff did not develop her argument sufficiently to guide the Court, it is rejected."); *see* Fed. R. Civ. P. 7(b)(1)(B) (requiring movants to "state with particularity the grounds for seeking the order"); *Rodgers v. City of Des Moines,* 435 F.3d 904, 908 (8th Cir.2006) ("Without some guidance, we will not mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments."). Accordingly, this argument is denied.

    **3.    The City's answer to Norfolk's second set of interrogatories.** Norfolk's second set of interrogatories—a single question with four subparts—and the City's answer are as follows.

> 1. For each of the documents produced by the City of Liberty attached hereto as Exhibit A [six documents produced by the City during discovery], please state the following:
>
> a) Where each record and/or document was stored or archived at the time each was produced in this case.
>
> b) The purpose for which the City maintained each record and/or document after creation or receipt of the same.
>
> c) The name, address and title of the current custodian of the documents.
>
> d) How the City came into possession of each said record or document.
>
>     **ANSWER:** Objection. The interrogatories are vague, misleading, and confusing. Plaintiff's Definitions included as part of the interrogatories also are vague, misleading, and confusing. Interrogatory 1 seeks information about "documents" attached as Exhibit A to the Second Set of Interrogatories. However, subparts a) and b) seek information about a "record and/or document." Subpart d) seeks information about a "record or document." Plaintiff's Definitions provide distinct meanings for "document" and "record." Subject to this objection, the City states as follows:
>
>     **a)   Exhibit A was not stored or archived.**

    b) **Exhibit A was not maintained.**
    c) **None.**
    d) **Unknown.**

Resp. to Pls.' Second Set of Interrogs. at 1-2, ECF No. 92-4.

  Norfolk argues these answers are purposefully evasive and untrue. Norfolk notes that during the meet and confer, the City's counsel stated that the documents had been found in a box while performing a search for other documents, but counsel still refused to answer these questions. Norfolk also observes,

> Written discovery for foundational purposes saves time, resources and promotes judicial economy, but only if the parties participate in good faith. The City's documents were clearly stored or maintained for some purpose, even if that purpose was a mistaken one. The documents clearly belong to the City (otherwise they wouldn't have produced them) and clearly have a custodian. The City's refusal to respond is the type of shenanigan that the Rules of Civil Procedure and this Court's Initial Standing Order are designed to prohibit. The City should be ordered to fully answer the questions propounded to it.

Norfolk's Mem. Regarding Disc. Dispute at 5, ECF No. 92. Norfolk also requests that it be awarded reasonable attorneys' fees for the City's refusal to provide discovery. *Id*. at 6.

  The City does not address this argument in its reply memorandum, and so it waives any argument on this point. *Cf. Satcher v. Univ. of Ark. at Pine Bluff Bd. Of Trs*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

  The Court agrees with Norfolk's observation. It also agrees that the City's response is woefully insufficient, so deficient that it appears to be purposefully insufficient. The Court orders the City to fully answer this interrogatory on or before March 4, 2026. Norfolk may also file a motion for sanctions under Rule 37(a)(4) and Rule 37(d)(1)(A)(ii).

**IT IS SO ORDERED.**

Date:   February 25, 2026                    /s/ Greg Kays
                                                                              GREG KAYS, JUDGE
                                                                              UNITED STATES DISTRICT COURT