**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00064-DGK |
| | ) | |
| THE MAYOR, COUNCILMEN, and CITIZENS OF THE CITY OF LIBERTY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO STRIKE DECLARATIONS**

This lawsuit arises from Plaintiff Norfolk Southern Railway Company's ("Norfolk") claim that Defendant Liberty, Missouri ("the City"), entered into an agreement in 1964 with Norfolk's predecessor-in-interest whereby the railroad allowed the City to construct and use a private grade crossing across the railroad's tracks. In return, the City agreed to indemnify the railroad for any injuries arising from its use.

In 2018, an accident occurred at the crossing, leading to two lawsuits. The City refuses to indemnify Norfolk in these lawsuits, arguing that the agreement is void and/or unenforceable. The parties have briefed cross-motions for summary judgment.

Now before the Court is Norfolk's Motion to Strike the Declarations of Curtis Renno and Curt Wenson. ECF No. 126. Renno and Wenson are two previously undisclosed witnesses whose declarations the City submitted in support of the its motion for summary judgment.

After carefully reviewing the record and the law, the Court holds the City violated Federal Rules of Civil Procedure 26(a) and 26(e) by failing to disclose these witnesses earlier, and its failure to disclose these witnesses was not substantially justified or harmless. Accordingly, the

motion is GRANTED. The Court holds the City cannot rely on declarations from these individuals in its motion for summary judgment, nor can the City call either individual as a witness at trial or otherwise use their testimony.

**Background**

Curtis Wenson is a city employee who witnessed the vehicle train collision at issue in the Underlying Actions. Curtis Renno is the City Administrator of Liberty. Prior to submitting their declarations, Defendants never identified either of these individuals as witnesses pursuant to Rule 26. Additionally, on April 9, 2025, Norfolk served interrogatories on the City which specifically required it to identify all witnesses it will or may call to testify for any purpose at trial. The City responded by raising boilerplate objections and claiming certain privileges. The City did not supplement its response by disclosing Wenson or Renno until one month after the close of discovery, when the City attached Wenson and Renno's declarations in support of its motion for summary judgment.

**Standard**

Federal Rule of Civil Procedure 26 prescribes the parties' duty to disclose information. Rule 26(a) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) states, a party "must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This is "a self-executing sanction for failure to make a disclosure required by Rule 26(a)." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment). Where there is a violation, the burden is on the potentially sanctioned party to prove harmlessness or justification. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

**Analysis**

Norfolk argues the City did not disclose any of the declarants as witnesses in its Rule 26(a)(1) disclosure, a Rule 26(e) disclosure, or at any point during the discovery period. Norfolk contends that since the City did not identify these individuals as witnesses during discovery, it did not depose them or otherwise evaluate the basis for their testimony. Hence, it has suffered prejudice because it now has no time to investigate their statements and or an opportunity to depose them.

In response, the City argues that testimony of undisclosed witnesses should not be barred unless there is bad faith involved, and there was no bad faith in failing to disclose these witnesses. The City cites *Bergfeld v. Unimin Corporation* for support. 319 F.3d 350, 355 (8th Cir. 2003) ("The 'use of an undisclosed witness should seldom be barred unless bad faith is involved.'") (quoting *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826 (8th Cir. 1989)). With respect to Renno, the City argues the fact that his name appears dozens of times in documents it produced to Norfolk disproves any possibility of bad faith and proves that the lack of disclosure of Renno was harmless. It states the primary purpose in submitting Renno's declaration was to provide reliable, admissible evidence regarding a second set of tracks at the railroad crossing at issue. It explains it expected to receive this information during the deposition of Norfolk's corporate

representative on March 20, 2026, but the corporate representative testified Norfolk knew nothing about the second set of tracks at the crossing except that they were constructed at some point between 1990 and 1996. Thus, the City contends, using an undisclosed witness to provide information about the crossing is "fully justified." Suggestions In Opp'n at 3, ECF No. 133. As for Wenson, the City asserts the only fact he provided is that the City has been a special charter city since at least 1964, a fact which Norfolk does not dispute and which is subject to judicial notice. Finally, the City notes it has supplemented its discovery responses while Norfolk's motion to strike has been pending, and it included these two witnesses in such supplementation, along with other information.

The City's argument is unavailing. As a threshold matter, the City's citation to the *Bergfeld* case from 2003—which is essentially a citation to the *Mills* case from 1989—is unpersuasive because the contemporary view in the Eighth Circuit is that Rule 37(c)(1) means exactly what it says: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This is "a self-executing sanction for failure to make a disclosure required by Rule 26(a)." *Vanderberg*, 906 F.3d at 702. Granted, where the exclusion of such evidence is tantamount to dismissal, the district court may, "on motion," consider an alternative sanction. *Id*. at 705. But the City has not made such a motion or suggested any alternate sanction. Thus, the Court must exclude the information from these witnesses unless the failure to identify them was substantially justified or harmless.

Applying the recent Eighth Circuit caselaw here, the Court finds the City has not justified its failure to disclose. At best, the City's failure to identify these witnesses until well after the

close of discovery was negligent; at worst, the failure was an illicit attempt to gain a tactical advantage—something which would be consistent with other behavior exhibited by the City during this litigation. *See* Order Regarding Disc. Dispute at 6, ECF No. 104 (noting the City's refusal to answer interrogatories about how a box filled with relevant documents suddenly appeared was "woefully insufficient, so deficient that it appears to be purposefully insufficient"). Either way, its failure to disclose well before the close of discovery was not substantially justified. Further, because the City did not identify these individuals as witnesses, Norfolk has been deprived of an opportunity to investigate their statements and/or depose them, thus the failure to disclose was not harmless.

Because the City patently violated Rules 26(a) and 26(e), the City is not allowed to use Renno or Wenson's testimony. While the City has not moved for an alternate sanction, even if it had, the Court would not impose an alternate sanction because exclusion of these witnesses' testimony is not unfairly harsh or outcome determinative.

For the reasons discussed above, the motion is GRANTED. The City cannot rely on declarations from these individuals in its motion for summary judgment, nor can the City call either as witnesses at trial or otherwise use their testimony.

**IT IS SO ORDERED.**

Date: September 17, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT